UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: SANTA FE NATURAL TOBACCO COMPANY
MARKETING AND SALES PRACTICES LITIGATION               MDL No. 2695


TRANSFER ORDER


**Before the Panel**: Plaintiffs in one action pending in the District of New Mexico (*Haksal*) move under 28 U.S.C. § 1407 to centralize this litigation in the District of New Mexico. The litigation consists of five actions pending in four districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of eight related actions in four additional districts.[1] This putative class action litigation concerns the labeling and advertising of Natural American Spirit cigarettes as "natural" and "additive free" in an allegedly false and misleading manner.

Defendants, Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc., oppose centralization and, alternatively, agree that the District of New Mexico is an appropriate transferee forum. All responding plaintiffs support centralization but disagree on the transferee district. Plaintiff in the District of New Mexico *Dunn* action supports the District of New Mexico, and alternatively asks for the Southern District of New York. Plaintiffs in the Southern District of Florida action (*Sproule*) and four potential tag-alongs propose the Middle and Southern Districts of Florida or the District of the District of Columbia. And plaintiffs in the Southern District of New York and Northern District of California actions (*Rothman* and *Brattain*) propose the Southern District of New York.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of the allegation that defendants label and advertise Natural American Spirit cigarettes as "natural" and "100% additive free" in a false and misleading manner in violation of state consumer protection and false advertising laws. Additionally, all actions stem from an FDA warning letter to Santa Fe Natural Tobacco Company on August 27, 2015, concerning the allegedly unauthorized use of "natural" and "additive free" on Natural American Spirits cigarette labeling. Common factual issues include: (1) the ingredients in Natural American Spirit cigarettes; (2) the messages conveyed to consumers by the labeling and advertising, including whether the labels falsely convey a message that the products are healthier or less harmful than other cigarettes; and (3) defendants' corporate policies and decision making as to the marketing of Natural American Spirit cigarettes. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings,

---

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

- 2 -

particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Defendants do not dispute the presence of common factual questions. Rather, they oppose centralization arguing that the litigation lacks factual complexity and could be coordinated informally, making centralization unnecessary. But the record indicates that this litigation raises complex factual issues as to the alleged additives in the products, consumer perception of the products' health risks, and the extent of health risks actually posed by the products, particularly as compared to other cigarette brands. Defendants do not dispute that expert testimony will be necessary on many of these issues. Additionally, the actions (including potential tag-alongs) involve nine putative nationwide classes and twenty state classes or subclasses. There is minimal overlap in plaintiffs' counsel, which will make informal coordination of these issues difficult.

We are persuaded that the District of New Mexico is an appropriate transferee district for this litigation. Defendant Santa Fe Natural Tobacco Company has its headquarters in this district, and it represents that key witnesses reside there, including employees and decision makers tasked with the development and execution of product labeling, marketing and advertising. Four actions (including potential tag-alongs) are pending in this district, which has the support of plaintiffs in two actions. Defendants agree that the District of New Mexico provides a convenient and accessible location for this geographically dispersed litigation. Finally, centralization before the Honorable James O. Browning allows us to assign this litigation to an able and experienced jurist who has not had the opportunity to preside over an MDL. We are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of New Mexico are transferred to the District of New Mexico and, with the consent of that court, assigned to the Honorable James O. Browning for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell     Charles A. Breyer
Lewis A. Kaplan     Ellen Segal Huvelle
R. David Proctor     Catherine D. Perry

IN RE: SANTA FE NATURAL TOBACCO COMPANY
MARKETING AND SALES PRACTICES LITIGATION      MDL No. 2695

## SCHEDULE A

<u>Northern District of California</u>

BRATTAIN v. SANTA FE NATURAL TOBACCO COMPANY, INC., ET AL.,
  C.A. No. 4:15-04705

<u>Southern District of Florida</u>

SPROULE v. SANTA FE NATURAL TOBACCO COMPANY, INC., ET AL.,
  C.A. No. 0:15-62064

<u>District of New Mexico</u>

DUNN v. SANTA FE NATURAL TOBACCO COMPANY, INC., C.A. No. 1:15-01142
HAKSAL, ET AL. v. SANTA FE NATURAL TOBACCO COMPANY, INC., ET AL.,
  C.A. No. 1:15-01163

<u>Southern District of New York</u>

ROTHMAN v. SANTA FE NATURAL TOBACCO COMPANY, INC., ET AL.,
  C.A. No. 7:15-08622